PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a hole while he was traveling southbound on County Route 8, also known as Chapel Hill Road, almost two miles from W.Va. Route 40, outside the town of Triadelphia. County Route 8, is a road maintained by respondent in Ohio County. *86 The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on Thursday, February 4,1999, at approximately 6:30 to 6:45 a.m. On the foggy morning in question, claimant was proceeding to his place of employment in his all-wheel drive 1988 Ford Tempo on a curve of County Route 8. While the speed limit at this location is thirty five miles per hour, claimant was traveling at a speed of twenty to twenty-five miles per hour because of fog. Claimant frequently travels southbound on County Route 8 and on the prior day did not notice any irregularities in the pavement. As claimant made his way around the winding road, he saw a hole in the road. Claimant tried to maneuver his vehicle around the hole, but was unable to avoid striking the hole. The left rear tire of claimant’s vehicle went into the hole as the vehicle went into the air and around backwards in the road. The incident burst the tire and bent the wheel. Afterwards, claimant contacted the Ohio County Sheriff s Department. A member of the Ohio County Sheriff s Department arrived at the scene approximately twenty five minutes later, but no accident report was made. Claimant then drove the vehicle to his residence. After returning home, claimant telephoned the Ohio County Assistant Supervisor, Tom Sims, and informed him of the incident.
The loss sustained by claimant was in the estimated amount of $1,092.15. Claimant did not have collision damage insurance on his car. Claimant did some repairs to the vehicle, but m ore e xtensive work was needed. Three months prior to the September 17,1999, hearing, claimant used the vehicle as a trade-in. As a result of the trade-in, claimant received $300.00 for the vehicle involved in the incident.
The position of the respondent was that it was not on notice of the hole on County Route 8. According to respondent’s daily records, cold mix was used to repair the hole the same day notice was given of claimant’s incident. Respondent had no prior notice of the hole.
The well established principle of law in WestVirginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
' In the present claim, the evidence adduced at the September 16,1999, hearing indicated that respondent had no notice of the condition on County Route 8, Ohio County. No evidence was presented by claimant to establish that respondent did not take reasonable steps to ensure the safety of motorists on County Route 8. Consequently, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court hereby denies this claim.
*87 Claim disallowed.